We do have a motion to be argued in Grupo Televisa, and we'll begin with the motion. I call on Herbert M. Wachtell for petitions. Although there are other serious errors by the District Court to be covered in that petition, the two that I want to address here are that first, based upon the Supreme Court's decision two years ago in China Agrotech, this new plaintiff was plainly barred by reason of limitation, and second, it was established by defendants both by evidence and law that the single supposed disclosure relied upon by the District Judge not only had no price impact, but independently was incontrovertibly not new news. Yet the District Court wholly failed to conduct the rigorous analysis mandated by the Supreme Court. Mr. Wachtell, one of the main questions for us on this petition is, why is there a need for immediate review? Why can't this wait until after a final judgment? I think the reason for immediate review is that called for by 23F. In other words, when it is clear that the standards of 23F are met, and I submit that they are here, the order below is clearly erroneous. We should not be put to the burden now of going forward with 15 depositions by remote in Mexico of Hispanic nationals, most of whom are not fluent in English. At the expense of a solid, sound judicial administration, the point is, under 23F, when you have something that is clearly erroneous by the District Court, I want you to get an appeal to the Second Circuit, and I believe that that is the reason here. So, China, if there's more you want me to say or not, I will, Your Honor, but I think it's just, it's sound judicial administration, but terrible waste of resources. We could go and have these 15 depositions, third-party depositions. That is a waste of resources enough. I mean, don't the cases say there has to be, the order has to be the death knell of the litigation. It has to effectively terminate the litigation. And I noticed that in Arkansas, too, when class certification was denied, the case settled for something like $550 million. Now, I am not remotely suggesting there are facts of anything similar to Arkansas, too, but there is tremendous pressure amounted, and that is part of the death knell analysis by the courts. We could go to summary judgment. Are we going to go to summary judgment? Are we going to go to trial? And for the first time, then we'll come up before the court to say the plaintiff has no standing to bring the action? I think there is a very sound reason for immediate review, Your Honor. Let me talk about the errors, unless this court is hopefully aware of them. They don't have to. China Architect, a decision by Justice Ginsburg, concurred in by Justice, for eight justices of the court, concurred in by Justice Sotomayor. The court held that American pipe tolling did not apply to a new candidate for class representative, and such candidate could not come upon the scene after the statute of limitations had expired. Wasn't that a successive case? Wasn't that a successive case? I said, wasn't that a successive case? No, that was a case where class certification had been denied, just as it had been denied here, and the case had been shorn of its class character, pro the Supreme Court, and the court's rationale was that you cannot bring on a new person. And plaintiff here argues that it makes a difference if you have a successive case or just a procedural case. Judge Kaplan had that precise issue here in this district, and set forth that the court's rationale was such, and I'm prepared to set forth the court's rationale, that it would be doctrinal incoherence to say that it makes a difference. In other words, the court's rationale was, if you want to mix here, you have to mix at the outset, and otherwise you're not going to be permitted to use the court's term, enter the fray. And it makes no difference, therefore, per the court's rationale, whether it's a successive case or an amendment of a proceeding as the Seventh Circuit seems to think is the case. And frankly, the fact that the Second Circuit seems to think it's the case is all the more reason why this should go to the merits panel. But it simply, I submit respectfully, cannot be the law that one could render China Agrotech a nullity by the simple device of proceeding by moving to amend or intervene rather than commencing a new action. That would totally render the case that there would be no plaintiff in their right mind, would therefore bring a new action, and China Agrotech would become a nullity. So I respectfully submit the Seventh Circuit was wrong there. Moreover, the case is distinguishable because the Seventh Circuit still had a live case before it. Class certification had never been denied. But both in the Supreme Court and in our case, class certification was denied, and per the Supreme Court, and this court back in Giovannino, it is therefore shorn of its class character. And you cannot use it as a vehicle for bringing in a class plaintiff. All right. Thank you, Mr. Wachtel. We'll hear from Ms. Jensen. Good morning, and may it please the court. My name is Rachel Jensen, class counsel. The petition did not clear Sumitomo's high hurdle for 23F review. The defendants did not argue a death now, and they raised no legal issue about which there is a compelling need for immediate resolution. As to the China Agrotech argument, China Agrotech has nothing to do with the situation because, as Judge Rastani commented, it concerned the filing of successes class actions, not the designation of a class representative for timely claims in an existing one. Also, as to the price impact issue that the defendants have raised, Judge Stanton's factual finding that the defendants failed to prove a lack of price impact is unremarkable in this garden variety securities case, not clearly erroneous, much less a legal issue for which there is a compelling need for immediate resolution. Now, I'd like to address a few of the specific issues that counsel raised about First China Agrotech. Now, the time barred argument does not raise a compelling need for immediate resolution. In fact, this court rejected a 23F petition based on a China Agrotech argument in the Whirlpool case, that's 2019 Westlaw 483990. The instant petition does not warrant immediate review either. There is no dispute that this action was commenced well within the limitations period. This petition is from an order certifying timely claims in that timely action. As we all know, complex litigation can last a long time, and the long lifespan of a timely claim does not cause it to lapse. A renewed class certification motion does not commence the new civil action, and the federal rules allow courts to modify class certification orders at any time before final judgment. This includes substitution of a class representative. As Judge Stanton found below, China Agrotech was about a standalone successive class action, not the rearrangement of the seating chart within a single ongoing action, as is the case here, and was in the case of the Seventh Circuit all-state opinion. Now, counsel has argued that the difference there was that the court had not denied class certification, but that was not the rationale of the Seventh Circuit. In fact, the Seventh Circuit turned on the analysis, as we do here, that it was a successive class action, not an ongoing one. Similarly, the Dennis case is distinguishable because in that case, the court had already dismissed the claims for lack of personal jurisdiction. In that case, a different plaintiff came forward with a different agreement that provided for personal jurisdiction, and the court found it didn't relate back. In this case, we did not file an amended complaint. It was a renewed motion for class certification. It did not attempt to bring a new claim. That said, if Judge Stanton had required that this class representative file a new claim, it would have related back under Rule 15, and that is the important distinction. China Agritech recognized that the federal rules provide a range of mechanisms for managing an existing class action. For example, China Agritech in other cases had referred to Rule 23's wide case management discretion, and Rule 23D allows for a court to enter orders to facilitate the class action. That's what happened here. Join the meeting. Defendants' attempt to bootstrap China Agritech is neither compelling nor an emergency. Now, on price impact, setting aside the timing of the petition, the district court's June 8th factual finding rejecting defendants' basic rebuttal bid is neither clearly erroneous, let alone a compelling legal issue requiring immediate resolution. The district court followed the process set forth in the Goldman cases, and price impact was thoroughly briefed and dissected by experts. The court's conclusion is unremarkable in this garden-variety securities case, where the defendants conceded market efficiency and proffered no alternative explanation for the price decline, while their co-conspirator was up on the stand confessing to their bribery scheme. Defendants quibble with Judge Stanton's finding that they did not prove the absence of price impact, but the court's factual finding deserves this court's deference. And courts routinely adopt multi-day windows, such as in Barclays and Vivendi. And while the defendants now complain there was no evidentiary hearing, at the time they requested only in the event that the court deemed it necessary. The court did not deem it necessary. In sum, the petition does not warrant an immediate appeal. We ask that your honors deny the petition and the stay motion. Thank you. Thank you both. We will reserve decision. We'll proceed to the day calendar.